IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JODY WILSON JASSO,                  Case. No. 6:25-cv-1712-MC

       Plaintiff,                              OPINION & ORDER

      v.

ALTHEA BROOKS, MELISSA HUSBANDS,

       Defendants.
_____

MCSHANE, Judge:

      Petitioner Jody Wilson Jasso filed this action under 25 U.S.C. § 1916 seeking a "return of custody" declaration that petitioner's child be returned to Petitioner's care. That statue applies "whenever a final decree of adoption of an Indian child has been vacated or set aside . . . ." "PETITIONER PRAYS that the child, [name redacted here], be permanently returned to the care, home, legal and lawful custody of his father, Jody Wilson Jasso immediately." ECF No. 2, 17. Petitioner argues that there were numerous problems with the state court custody proceedings. For example, Petitioner argues the "ODHS child welfare worker . . . did not have probable cause" and "there was no immediate danger to child, no injuries to the child." *Id.* 3. It is clear that the underlying theme of the Petition is that Petitioner's child should be returned to Petitioner's care.

      Although Petitioner did not file for leave to proceed *in forma pauperis* (IFP), he did not pay the filing fee and the Court construes his Petition as a motion for leave to proceed IFP. This

1 – Opinion & Order

court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

Although the Petition is not a model of clarity, it clearly is not subject to 25 U.S.C. § 1916. Here, there the final decree of adoption has not been set aside or vacated. In fact, it is clear that Petitioner seeks to use this Court to vacate or set aside the decision of the state court custody proceedings. Federal courts generally are prohibited from interfering in issues of domestic relations. This exception specifically applies to issues involving child custody. *Andenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992). As Petitioner clearly seeks to challenge a DHS custody decree, he must make that challenge in state court.

Additionally, to the extent Plaintiff's complaint is an attempt at an end run around state court proceedings, the claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Additionally, to the extent his custody proceedings are ongoing, *Younger* abstention bars Plaintiff's claims. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeings. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests;

2 – Opinion & Order

and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

Because the Petition fails to state a federal claim, it must be dismissed. 28 U.S.C. § 1915(e)(2). Plaintiff's application for leave to proceed in forma pauperis is DENIED and this case is DISMISSED.[1]

IT IS SO ORDERED.

DATED this 30th day of September, 2025.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

---

[1] Petitioner brought a similar action eight months earlier. *Jasso v. Abels, et al.*, 25-cv-00180-MTK. The main differences appear to be that Petitioner brought that action under 28 U.S.C. § 1983. There, Judge Kasubhai noted the deficiencies in the Complaint and, during the IFP screening process, dismissed the Complaint with leave to correct the deficiencies. Then Plaintiff failed to file an Amended Complaint, Judge Kasubhai dismissed the action. May 15, 2025, Judgment; ECF No. 9.

3 – Opinion & Order